**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES PETERS, : | Civil Action No. 15-6329 (FLW)(LHG) |
| : | |
| : | **OPINION** |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| COUNTRYWIDE HOME LOANS, INC., : | |
| THE BANK OF NEW YORK AS : | |
| TRUSTEE FOR SECURITIZED TRUST : | |
| ALTERNATIVE LOAN TRUST : | |
| 2007-14T2; CWALT, INC., : | |
| COUNTRYWIDE HOME LOANS : | |
| SERVICING LP; MORTGAGE : | |
| ELECTRONIC REGISTRATION : | |
| SYSTEM, a/k/a "MERS" and DOES 1 : | |
| THROUGH 100, INCLUSIVE : | |
| : | |
| Defendants. : | |
| _____ : | |

**WOLFSON, United States District Judge**:

This matter comes before the Court on a motion to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6), filed by Defendants Countrywide Home Loans, Inc. ("CHL"); The Bank

of New York f/k/a The Bank of New York Mellon as Trustee for the Securitized Trust Alternative

Loan Trust 2007-14T2; Countrywide Home Loans Servicing LP; CWALT, Inc.; and Mortgage

Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants"), seeking dismissal of

the Complaint filed by Plaintiff James Peters ("Peters" or "Plaintiff").

Plaintiff alleges that his original mortgage lender (and other entities) have "unlawfully sold,

assigned, and/or transferred their ownership and security interest in" the Note and Mortgage on

Plaintiff's home and, therefore, "do not have lawful ownership or a security interest in Plaintiff's

home[.]" Compl. ¶ 17.  Accordingly, Plaintiff requests this Court to "Quiet Title to the property

in Plaintiff's name," *id.*, in addition to asserting several other claims seeking relief in the form of

"damages, rescission, declaratory judgment, and injunctive relief[.]"  *Id.* at ¶ 18.  For the following reasons, Defendants' motion to dismiss is granted.  Counts I, II, IV, VIII, and X of the Complaint are dismissed with prejudice, and Counts III, V, VI, VII, and IX of the Complaint are dismissed without prejudice.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts are taken from the Complaint and assumed to be true for the purposes of this motion.

On April 26, 2007, Plaintiff executed a Note in favor of CHL in exchange for a loan in the amount of $480,231.00.[1]  *Id.* at ¶ 32; Declaration of Stephen J. Steinlight, Esq., dated October 30, 2015 [hereinafter "Steinlight Decl."] ¶ 3, Ex. A.  The Note was secured by a Mortgage on real property located at 8 Richard Court, Manalapan, New Jersey 07726 (the "Property"), granted by James and Barbara Peters to MERS as nominee for CHL and its successors and assigns.  *See* Compl. ¶¶ 8, 32; Steinlight Decl., ¶ 4, Ex. B.

On or about April 10, 2012, MERS assigned the Mortgage to "The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-14T2, Mortgage Pass-Through Certificates, Series 2007-14T2."[2] Steinlight Decl. ¶ 5, Ex. C.  Plaintiff alleges that the Note was "not … properly transferred" to this entity for a variety of reasons not relevant to the instant motion.  Compl. ¶ 33; *see generally* Compl. ¶¶ 34-58.

---

[1] The Court notes that although there is a dispute concerning the date on which Plaintiff executed the note, it does not alter this Court's analysis.  *See id.* at ¶ 32 (alleging that Plaintiff "entered into a consumer transaction" with CHL on May 30, 2007).

[2] It is not clear whether this entity is the same entity as the named defendant, The Bank of New York f/k/a The Bank of New York Mellon as Trustee for the Securitized Trust Alternative Loan Trust 2007-14T2.

In addition to the first assignment of the Mortgage, Defendants have provided this Court with documentation of a second assignment, which occurred on or about December 5, 2013, in which the Mortgage was assigned to "The Bank of New York Mellon f/k/a The Bank of New York, as trustee (CWALT 2007-14T2)."[3]  Steinlight Decl. ¶ 6, Ex. D.

Based upon a liberal reading of the Complaint, it appears that the gist of Plaintiff's complaint is that some or all of the Defendants have, or at least attempted to, improperly foreclose on the Mortgage.  *See, e.g.*, Compl. ¶¶ 60, 63, 75, 80, 91, 99, 101-02, 129.  However, the Complaint is devoid of any factual allegations concerning whether this foreclosure action indeed occurred (or was merely threatened or attempted), when it occurred, whether it was successful, and by whom the action was commenced.

On August 21, 2015, Plaintiff filed suit against Defendants, asserting ten (10) counts: Wrongful Foreclosure (Count I); Fraud in the Concealment (Count II); Fraud in the Inducement (Count III); Intentional Infliction of Emotional Distress (Count IV); Slander of Title (Count V); Quiet Title (Count VI); Declaratory Relief (Count VII); violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Home Ownership Equity and Protection Act of 1994 ("HOEPA") (Count  VIII); violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* (Count IX); and Rescission (Count X).[4]  On October 31, 2015, Defendants filed the instant motion to dismiss.

## II.    STANDARD OF REVIEW

---

[3] *See supra* n. 2.

[4] The Court notes that the numbering of the counts in the Complaint by Plaintiff is inaccurate.  To avoid confusion, the Court will address each Count by its actual position in the Complaint, as set forth above, and not by how those counts are labelled.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted."  When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  All reasonable inferences must be made in the plaintiff's favor.  *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).  In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create as high of a standard as to be a "probability requirement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Third Circuit requires a three-step analysis to meet the plausibility standard mandated by *Twombly* and *Iqbal*.  First, the court should "outline the elements a plaintiff must plead to a state a claim for relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).  Next, the court should "peel away" legal conclusions that are not entitled to the assumption of truth.  *Id.*; *see also Iqbal*, 556 U.S. at 678-79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  It is well-established that a proper complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).  Finally, the court should assume the veracity of all well-pled factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief."  *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679).  A claim is facially plausible when there is sufficient factual content to draw a "reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 678.  The

4

third step of the analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Generally, when determining a motion under Rule 12(b)(6), the court may only consider the complaint and its attached exhibits.  However, while "a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004) (citation omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## III.   DISCUSSION

### A.   Wrongful Foreclosure (Count I)

Defendants move to dismiss Plaintiff's claim for wrongful foreclosure, arguing that it fails to state a cognizable claim.    The gist of Plaintiff's claim in Count I is his assertion that none of the Defendants have standing to foreclose on the Property, *see* Compl. ¶¶ 60-62, and, therefore, any attempted foreclosure on the Property by Defendants would be null and void.  *See id.* at ¶ 63. However, "[i]n New Jersey, 'wrongful foreclosure' is not a recognized cause of action." *Vassallo v. Bank of N.Y.*, No. 15-3227, 2016 U.S. Dist. LEXIS 47895, *16 (D.N.J. Apr. 8, 2016); *Andujar v. Deutsche Bank Nat'l Trust Co.*, No. 14-7836, 2015 U.S. Dist. LEXIS 87536, *17-18 (D.N.J. July 7, 2015); *Gonzalez v. U.S. Bank Nat'l Ass'n*, No. 14-7855, 2015 U.S. Dist. LEXIS 75620, *16 (D.N.J. June 11, 2015); *Coleman v. Deutsche Bank Nat'l Trust Co.*, No. 15-1080, 2015 U.S. Dist. LEXIS 61875, *13 (D.N.J. May 11, 2015); *Cabeza v. Fed. Home Loan Mortg. Corp.*, No. 15-1589, 2015 U.S. Dist. LEXIS 61874, *13 (D.N.J. May 11, 2015).  Moreover, the Complaint fails to even allege that a foreclosure action is pending, let alone that a "wrongful" foreclosure is pending or has occurred.  *See Kin Wong v. Wells Fargo Bank N.A.*, No. 14-5204, 2015 U.S. Dist. LEXIS

142518, *8 (D.N.J. Oct. 20, 2015); *Gonzalez*, 2015 U.S. Dist. LEXIS 75620 at *16.  Accordingly, Count I of the Complaint is dismissed with prejudice.

      **B.**      **Fraud in the Concealment (Count II) and Fraud in the Inducement (Count III)**

Defendants move to dismiss Plaintiff's fraud claims, arguing that they (1) are barred by the statute of limitations, (2) are barred by the economic loss doctrine, and (3) fail to state cognizable claims.  In his opposition to the motion to dismiss, Plaintiff argues that he was not aware of the fraud committed by Defendants until February 7, 2015, when he received a report from a Certified Forensic Auditor, whom Plaintiff had commissioned to review his mortgage.  *See* Pl. Opp. Br. at ¶ 11.  As discussed below, Plaintiff's claim for fraud in the concealment is barred by the economic loss doctrine.  Plaintiff's claim for fraud in the inducement is inadequately plead and, therefore, is dismissed without prejudice at this juncture.

Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Rule "9(b) requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements." *Klein v. Gen. Nutrition Co.*, 186 F.3d 338, 345 (3d Cir. 1999).  Plaintiff need not always identify the particular time and place of the misrepresentation, however, so long as the complaint contains some "alternative means of injecting precision and some measure of substantiation into [the] allegations of fraud." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984), *cert. denied*, 469 U.S. 1211 (1985); *see also NN & R, Inc. v. One Beacon Ins. Grp.*, 362 F. Supp. 2d 514, 518 (D.N.J. 2005) (quoting *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 658 (3d Cir. 1998)).

With respect to a claim for fraud, "Rule 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir. 1992). The complaint must describe the circumstances of the fraudulent representation of material facts, identifying factual details, such as the "who, what, when, where and how of the events at issue." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1422. "Misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 174 (2005). A claim of fraudulent concealment requires a plaintiff to additionally plead the existence of a duty to disclose. *See Berman v. Gurwicz*, 189 N.J. Super. 89, 93 (Ch. Div. 1981), *aff'd o.b.*, 189 N.J. Super. 49 (App. Div.), *certif. denied*, 94 N.J. 549 (1983).

Here, Plaintiff has asserted two fraud claims. First, Plaintiff asserts a claim for fraud in the concealment (Count II), alleging that "Defendants concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreements, including *inter alia*: (1) Financial Incentives paid; (2) existence of Credit Enhancement Agreements, and (3) existence of Acquisition Provisions." Compl. ¶ 79. Plaintiff further alleges:

> By concealing the securitization, Defendant[s] concealed the fact that [Plaintiff's] loan changed in character inasmuch as no single party would hold the Note but rather the Notes would be included in a pool with other notes, split into tranches, and multiple investors would effectively buy shares of the income stream from the loans.

*Id.* Second, Plaintiff asserts a claim for fraud in the inducement (Count III), alleging that Defendants "intentionally misrepresented to Plaintiff [that] . . . Defendants were entitled to exercise the power of sale provision contained in the Mortgage/Deed of Trust" and

7

"misrepresented that they are the 'holder and owner' of the Note and the beneficiary of the Mortgage/Deed of Trust." *Id.* at ¶¶ 88, 89.

Contrary to Defendants' argument, Plaintiff's claim for fraud in the inducement is not barred by the economic loss doctrine. "Under New Jersey law, the economic loss doctrine 'defines the boundary between the overlapping theories of tort law and contract law by barring the recovery of purely economic loss in tort, particularly in strict liability and negligence cases.'" *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 244 (3d Cir. 2010) (quoting *Dean v. Barrett Homes, Inc.*, 406 N.J. Super. 453, 470 (App. Div.), *rev'd on other grounds*, 200 N.J. 207 (2009)). "The purpose of the rule is to strike an equitable balance between countervailing public policies[] that exist in tort and contracts law." *Id.* (quoting *Dean*, 406 N.J. Super. at 470). "Whether a tort claim can be asserted alongside a breach of contract claim depends on whether the tortious conduct is extrinsic to the contract between the parties." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 308 (D.N.J. 2009) (citing *Touristic Enterprises Co. v. Trane Inc.*, No. 09-2732, 2009 U.S. Dist. LEXIS 106145, at *5-6 (D.N.J. Nov. 13, 2009); *CapitalPlus Equity, LLC v. Prismatic Dev. Corp.*, No. 07-321, 2008 U.S. Dist. LEXIS 54054, at *17-18 (D.N.J. July 16, 2008)). The rationale underlying the economic loss doctrine is that "[t]ort principles . . . are better suited for resolving claims involving unanticipated injuries, and contract principles are generally more appropriate for determining claims for consequential damages that parties have or could have address[ed] in their agreement." *Id.* (quoting *Bubbles N' Bows, LLC v. Fey Pub. Co.*, No. 06-5391, 2007 U.S. Dist. LEXIS 60790, at *30 (D.N.J. Aug. 20, 2007)). The economic loss doctrine "does not bar claims for fraud in the inducement of a contract," *Bracco Diagnostics Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 563-64 (D.N.J. 2002), because fraud in the inducement is fraud that induces the other party to enter into the contract in the first place. *Walid v. Yolanda for Irene Couture*, 425

N.J. Super. 171, 186 (App. Div. 2012); *see also G&F Graphic Servs. v. Graphic Innovators, Inc.*, 18 F. Supp. 3d 583, 592-93 (D.N.J. 2014); *Rivas v. Estate of Melillo*, Dkt. No. ESX-L-1531-13, 2015 N.J. Super. Unpub. LEXIS 727, *15-16 (Ch. Div. Mar. 31, 2015) ("Because these claims are for fraud in the inducement, they do not implicate contractual duties and instead implicate an independent tort duty not to misrepresent the condition of the property.  Therefore, the economic loss doctrine does not operate to bar Plaintiff's claims.").

However, unlike Plaintiff's claim for fraud in the inducement, the economic loss doctrine bars Plaintiff's claim that Defendants engaged in fraud in the concealment (Count II) by allegedly misrepresenting that they "had the power to exercise the power of sale provision contained in the Mortgage/Deed of Trust" and "misrepresent[ing] that they are the 'holder and owner' of the Note and the beneficiary of the Mortgage/Deed of Trust."  Compl. ¶¶ 88-89.  At the outset, I note that Plaintiff asserts this claim generally against all Defendants even though they are separate entities and dealt with Plaintiff's mortgage based on separate assignments and agreements.  Plaintiff does not specifically allege which Defendant made the particular misrepresentations he complains of in Count II.  In any event, without addressing whether this claim is sufficiently plead to state a claim for fraud, it is clear that the "misrepresentations" allegedly made by Defendants all occurred in violation of rights and duties created by the Mortgage and Note, not a separate duty imposed by tort law.  *See G&F Graphic Servs.*, 18 F. Supp. 3d at 589.  Accordingly, Plaintiff's claim for fraud in the concealment (Count II) is dismissed with prejudice.

Plaintiff's claim for fraud in the inducement (Count III), although not barred by the economic loss doctrine, is, however, inadequately plead under Rule 9(b).  Indeed, Plaintiff's allegations appear to be incongruent, as it is unclear how (1) any of the Defendants, other than CHL, could have induced Plaintiff to enter into the Mortgage, and (2) Defendants' alleged

misrepresentations that they had the power to exercise the sale provision – *i.e.*, to foreclose on the Property, Compl. ¶¶ 88-89, could have possibly *induced* "Plaintiff to enter into the loans and accept the Services as alleged herein." *Id.* at ¶ 90. Certainly, Plaintiff has not alleged, under the Rule 9(b) standard, how such a misrepresentation induced him to enter into the Mortgage. In that regard, it would appear highly unlikely that Plaintiff will be able to amend this claim in such a way that would allow him, in good faith, to allege that he was somehow induced to enter into the Mortgage, and damaged by, Defendant's alleged misrepresentations concerning Defendants' ability to exercise the power of sale provision or that they were the "holder[s] and owner[s]" of the Note and the beneficiaries of the Mortgage/Deed of Trust. Nevertheless, Count III of the Complaint is dismissed without prejudice.[5]

### C.     Intentional Infliction of Emotional Distress (Count IV)

Defendants move to dismiss Plaintiff's claim for intentional infliction of emotional distress, arguing that it is (1) barred by the economic loss doctrine, and (2) fails to state a cognizable claim. Plaintiff's claim for intentional infliction of emotional distress is based on

---

[5] Because I have dismissed this claim on other grounds, I will not address Defendant's argument that Plaintiff's fraud claims are barred by the statute of limitations at this time. Nevertheless, I note that the statute of limitation for fraud claims in New Jersey is six years. N.J.S.A. 2A:14-1; *see Gillespie v. Janey*, 441 F. Appx. 890, 894 (3d Cir. 2011). "[T]he statute of limitations begins to run when the plaintiff is aware, or reasonably should be aware, of facts indicating that she [or he] has been injured through the fault of another, not when a lawyer advises her [or him] that the facts give rise to a legal cause of action." *Baird v. Am. Med. Optics*, 155 N.J. 54, 68 (1998); *see also Gillespie*, 441 F. Appx. at 894. In other words, the date on which the statute of limitations began to run is when Defendants made the alleged misrepresentations, not when Plaintiff received the report of his forensic audit in February 2015. Accordingly, if Plaintiff opts to file an amended complaint, he should identify the dates on which each Defendant "intentionally misrepresented to Plaintiff [that] . . . [the particular Defendant was] entitled to exercise the power of sale provision contained in the Mortgage/Deed of Trust" and "misrepresented that [it is] the 'holder and owner' of the Note and the beneficiary of the Mortgage/Deed of Trust," Compl. at ¶¶ 88-89, so that this Court can determine whether his claim for fraud in the concealment is barred by the statute of limitations.

Defendants allegedly having "intentionally, knowingly and recklessly misrepresented" that they "were entitled to exercise the power of sale provision contained in the Mortgage/Deed of Trust," Compl. ¶ 98 and, "fraudulently attempt[ed] to foreclose or claiming the right to foreclose" on the Property. *Id.* at ¶ 99. Plaintiff has failed to establish a claim for intentional infliction of emotional distress.

To state a claim for intentional infliction of emotional distress, a party must plead "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Taylor v. Metzger*, 152 N.J. 490, 509 (1998) (citation omitted). New Jersey sets a "high bar" for a plaintiff to establish extreme and outrageous conduct. *See Taveras v. Resorts Int'l Hotel, Inc.*, No. 07-4555, 2008 U.S. Dist. LEXIS 71670, *18 (D.N.J. Sept. 19, 2008) (citing *Fregara v. Jet Aviation Bus. Jets*, 764 F .Supp. 940, 956 (D.N.J. 1991)). "Only where reasonable persons may differ is it for the jury, subject to the control of the court, to determine whether the conduct alleged in this case is sufficiently extreme and outrageous to warrant liability." *McConnell v. State Farm Mut. Ins. Co.*, 61 F. Supp. 2d 356, 363 (D.N.J. 1999) (internal quotation marks omitted). Thus, to succeed on a claim for intentional infliction of emotional distress, a defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Subbe-Hirt v. Baccigalupi*, 94 F.3d 111, 114 (3d Cir. 1996) (quoting *Restatement (Second) of Torts* § 46 comment d).

Here, Defendants' alleged conduct – "intentionally, knowingly and recklessly misrepresent[ing]" that they "were entitled to exercise the power of sale provision contained in the Mortgage/Deed of Trust" and "fraudulently attempting to foreclose or claiming the right to foreclose" on the Property – does not rise to the high bar required for a claim of intentional

11

infliction of emotional distress.  *See Diaz v. Bank of N.Y.*, No. 15-1954, 2016 U.S. Dist. LEXIS

2855, *16-17 (D.N.J. Jan. 11, 2016) (holding that attempt to foreclose on property does not support

claim for  intentional infliction of emotional distress because "attempting to collect a debt does not

rise to a level of outrageous conduct, especially under New Jersey's high bar for outrageous

behavior"); *see also Francis v. TD Bank, N.A.*, No. 12-7753, 2013 U.S. Dist. LEXIS 124416, *18

(D.N.J. Aug. 30, 2013) (dismissing claim because allegation that defendant foreclosed on

plaintiff's home was insufficient to state "outrageous" conduct), *aff'd*, 597 F. App'x 58 (3d Cir.

2014).

Accordingly, Count IV of the Complaint is dismissed with prejudice.

**D.      Slander of Title (Count V)**

Defendants move to dismiss Plaintiff's claim for slander of title, arguing that it fails to state

a cognizable claim.  To assert a cause of action for slander of title, a plaintiff must allege that the

defendants "falsely published an assertion concerning plaintiff's title which caused special

damages to the plaintiff and that defendant acted out of malice."  *Stewart Title Guar. Co. v.

Greenlands Realty, LLC*, 58 F. Supp. 2d 370, 388 (D.N.J. 1999) (quoting *Lone v. Brown*, 199 N.J.

Super. 420, 425 (App. Div. 1985), *appeal dismissed*, 103 N.J. 480 (1986)), *aff'd without opinion*,

281 F.3d 224 (3d Cir. 2001); *see also Sys. Operations, Inc. v. Scientific Games Dev. Corp.*, 555

F.2d 1131, 1140 (3d Cir. 1977).  Here, Plaintiff asserts that Defendants "disparaged Plaintiff's

exclusive valid title by and through the preparing, posting, publishing, and recording of the . . .

Notice of Default, Notice of Trustee's Sale, Trustee's Deed and the documents evidencing the

commencement of judicial foreclosure by a party who does not possess that right."  Compl. ¶ 107.

However, the Complaint fails describe or allege what the published documents are or the

12

defamatory statements that were contained in the published documents.[6]  Accordingly, Plaintiff's

conclusory allegations that Defendants "disparaged Plaintiff's exclusive valid title" fails to state a

claim.  *See Diaz*, 2016 U.S. Dist. LEXIS 2855, at \*17-18; *Gorodeski v. U.S. Bank N.A.*, No. 15-

2271, 2016 U.S. Dist. LEXIS 2862, \*19-20 (D.N.J. Jan. 11, 2016).

Accordingly, Count V of the Complaint is dismissed without prejudice.

### E.      Quiet Title (Count VI)

Defendants move to dismiss Plaintiff's claim to quiet title, arguing that Plaintiff cannot

establish that he holds a superior title to the Property over any Defendant.  New Jersey's quiet title

statute provides:

> Any person in the peaceable possession of lands in this state and claiming
> ownership thereof, may, when his title thereto, or any part thereof, is denied or
> disputed, or any other person claims or is claimed to own the same, or any part
> thereof or interest therein, or to hold a lien or encumbrance thereon, and when no
> action is pending to enforce or test the validity of such title, claim or encumbrance,
> maintain an action in the superior court to settle the title to such lands and to clear
> up all doubts and disputes concerning the same.

N.J.S.A. 2A:62-1.    Accordingly, a plaintiff must describe the nature of competing claims and

allege facts demonstrating that the defendant's claim to the property is wrongful.  *See English v.*

*Fed. Nat. Mortgage Ass'n*, No. 13-2028, 2013 U.S. Dist. LEXIS 167906, \*9-10 (D.N.J. Nov. 26,

2013).

Here, Plaintiff's conclusory allegations regarding the invalidity of the loan documents are

insufficient to state a quiet title claim.  Plaintiff fails to set forth facts showing the invalidity of the

Note, Mortgage, or assignments; moreover, Plaintiff fails to allege that he paid the Note in full,

*see* Compl. ¶ 114, so as to "clear up all doubts and disputes concerning" competing claims to the

---

[6] Contrary to the Complaint's statement that these documents were "previously described herein," Compl. ¶ 107, this Court cannot discern any such description in the Complaint, and no documents were appended to the Complaint for this Court's consideration.

Property.  N.J.S.A. 2A:62-1; N.J. Court Rule 4:62-1; *see also Vassallo*, 2016 U.S. Dist. LEXIS

47895 at *11-12 (dismissing quiet title claim where Plaintiff did not dispute that "Plaintiff

executed the Note and Mortgage and that Plaintiff has not fully satisfied his loan repayment

obligations [and ] Plaintiff does not plead how or why he has superior title to the property over

Defendants under those circumstances."); *Reyes v. Governmental Nat'l Mortg. Ass'n*, No. 15-64,

2015 U.S. Dist. LEXIS 66396, *8 (D.N.J. May 21, 2015) ("[C]onclusory allegations regarding the

invalidity of the loan documents are insufficient to state a quiet title claim."); *Cabeza*, 2015 U.S.

Dist. LEXIS 61874 at *7-8 (dismissing quiet title claim based on conclusory allegation that

assignment of mortgage was invalid).

Accordingly, Count VI of the Complaint is dismissed without prejudice.

**F        Declaratory Relief (Count VII)**

Defendants move to dismiss Plaintiff's claim for Declaratory Relief, arguing (1) it fails to

state a cognizable claim and (2) Plaintiff's other claims fail as a matter of law.  Plaintiff's claim

for declaratory relief is premised on his allegation that "Defendants do not have authority to

foreclose upon and sell the Property" Compl. ¶ 124, and, therefore, requests that this Court

determine the "rights and obligations of the parties with regard to the Property," *id.* at ¶ 126; *see*

*also id.* at ¶¶ 127-33.

The Declaratory Judgment Act provides that, "in a case of actual controversy within its

jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations

of any interested party seeking such declaration, whether or not further relief is or could be sought."

28 U.S.C. § 2201(a).  Before entering a declaratory judgment, "[t]here must be a substantial

controversy between the parties having adverse legal interests of sufficient immediacy and reality

to warrant issuance of a declaratory judgment." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163,

1170 (3d Cir. 1987). "The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination." *Id.*

Here, Plaintiff's claim for declaratory relief fails for two reasons.  First, Plaintiff fails to allege that a foreclosure action is pending or impending and, therefore, there is no live controversy between the parties. *See Espaillat v. Deutsche Bank Nat'l Trust Co.*, No. 15-314, 2015 U.S. Dist. LEXIS 66395, *6 (D.N.J. May 21, 2015).  Second, to the extent that Plaintiff is seeking a declaration that the assignments are invalid, he does not have standing to challenge those assignments. *See Hernandez v. Fed. Nat. Mortgage Ass'n*, No. 14-7950, 2015 U.S. Dist. LEXIS 67476, *7 (D.N.J. May 26, 2015); *Oliver v. Bank of Am.*, N.A., No. 13-4888, 2014 U.S. Dist. LEXIS 51130, *7-8 (D.N.J. Apr. 14, 2014).  "Without standing, there are no 'real questions of conflicting legal interests' presented to the Court." *Gorodeski*, 2016 U.S. Dist. LEXIS 2862 at *9-10.

Accordingly, Count VII is dismissed without prejudice.

### G.      Violation of TILA and HOEPA (Count VIII and X)

Defendants move to dismiss Plaintiff's claims for violation of TILA and HOEPA, arguing that they (1) are barred by the statute of limitations and (2) fail to state a cognizable claim.  Plaintiff claims that Defendants violated TILA and HOEPA by "failing to provide Plaintiff with accurate material disclosures required under TILA/HOEPA[.]"  Compl. ¶ 136.  Plaintiff also alleges Defendants violated TILA and HOEPA by not:

> [T]aking into account the intent of the State Legislature in approving this statute which was to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar loan products with other lenders.

*Id.*[7]  Plaintiff also alleges that these statutes "require[] the lender to offer other loan products that might be more advantageous for the borrower under the same qualifying matrix."  *Id.*  In addition to asserting violations of TILA and HOEPA in Count VIII, Plaintiff has also seeks rescission of the Mortgage under TILA in Count X.  *See id.* at ¶ 153.

The statute of limitation for a claim for money damages under TILA is one year.  15 U.S.C. § 1640(e).  The statute of limitation for a claim for rescission under TILA/HOEPA is three years.  15. U.S.C. § 1635(f); 12 C.F.R. § 226.23.  However, any failure on the part of Defendants to provide Plaintiff with "accurate material disclosures required under TILA/HOEPA," Compl. ¶ 136, would have to have occurred prior to Plaintiff's execution of the Mortgage and Note in April or May 2007.  Therefore, these claims are barred by the relevant statutes of limitations.

Accordingly, Counts VIII and X of the Complaint are dismissed with prejudice.[8]

### H.    Violation of RESPA (Count IX)

Defendants move to dismiss Plaintiff's claim for violation of RESPA, arguing that (1) it is barred by the statute of limitations and (2) fails to state a cognizable claim.  Plaintiff's RESPA claim alleges that Plaintiff's Mortgage was "a federally regulated mortgage loan as defined by RESPA," Compl. ¶ 125, and that "Defendants violated RESPA because the payments between the Defendants were misleading and designed to create a windfall.  These action were deceptive, fraudulent and self-serving."  *Id.* at ¶ 149.

---

[7] The Court notes that TILA and its amendment, HOEPA, are federal, not state, statutes. *See In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig., PNC Bank NA*, 795 F.3d 380, 387 n.8, n.9 (3d Cir. 2015) (describing TILA and HOEPA).

[8] To the extent Plaintiff seeks the remedy of rescission on the basis of claims that have been dismissed without prejudice elsewhere in this opinion, such as his claim of fraud in the inducement, *see* Compl. ¶ 152, Plaintiff may reassert his request for rescission as a remedy for those specific causes of action if he chooses to file an amended complaint.

It does not appear Plaintiff is claiming that Defendants violated RESPA's prohibition on the payment of fees or transfer of valuable consideration for business referrals in real estate settlement service involving federally related mortgage loans or the splitting of charges for services not actually performed, 12 U.S.C. § 2607, or that Defendants conditioned the selling of the Property upon title insurance covering the Property be purchased by Plaintiff from any particular title company, *id.* at § 2608.  Without addressing the viability of Plaintiff's claim under Section 6 of RESPA, *id.* at § 2605, which pertains to the servicing of mortgage loans and administration of escrow accounts, the Court notes that such claims are governed by a three-year statute of limitations.  *Id.* at § 2614.  Plaintiff has failed to identify any "payments between the Defendants," Compl. ¶ 149, which occurred within the three-year statute of limitations.

Accordingly, Count IX of the Complaint is dismissed without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted.  Counts I, II, IV, VIII, and X of the Complaint are dismissed with prejudice, and Counts III, V, VI, VII, and IX of the Complaint are dismissed without prejudice.

Dated: May 17, 2016

/s/ The Honorable Freda L. Wolfson

United States District Judge